IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXASA
MIDLAND – ODESSA DIVISION

FILED
SEP 16 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| MARK WALTERS,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br>PROBATION DEPARTMENT,<br>Defendant. | §<br>§<br>§<br>§<br>§ Civil Case No. 7:25-CV-427<br>§<br>§<br>§<br>§<br>§<br>§ |

**COMPLAINT FOR VIOLATION OF THE RELIGIOUS FREEDOM RESTORATION ACT (RFRA), REQUEST FOR INJUNCTIVE RELIEF, AND JURY DEMAND**

## I.   INTRODUCTION

1. On December 18, 2024, Plaintiff was sentenced to 10 months in the Federal Bureau of Prisons for violating the terms and conditions of his supervised release, followed by a term of two (2) years of supervised release.

2. Plaintiff was released from the Federal Bureau of Prisons on September 4, 2025, and the Bureau of Prisons and the U.S. Probation Department shared the cost for him to travel from Coleman, Florida to Midland, Texas, where Plaintiff is required to serve his period of supervised release.

3. On September 6th, when Plaintiff arrived in Midland, the Probation Department had already arranged and paid for Plaintiff to be housed at the West Wind motel on West Wall Street in Midland due to being homeless.

4. Plaintiff met with U.S. Probation officers, Melendez, and Hale, on September 9th, and was informed that he must find immediately find employment and secure a residence within

1

two weeks from the date that he arrived in Midland, or that he would be moved from the motel to the Salvation Army in Midland.

5. Plaintiff Mark Walters brings this action pursuant to the *Religious Freedom Restoration Act* ("*RFRA*"), 42 U.S.C. § 2000bb et seq., seeking declaratory, injunctive, and other relief for the violation of his rights to religious freedom.

6. The United States Probation Department has required Plaintiff, a lifelong practicing Jew, to reside in the Salvation Army facility in Midland, Texas—a Christian church and religious denomination.

7. This coerced placement substantially burdens Plaintiff's religious exercise and violates the *RFRA*.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically *RFRA*.

9. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Midland, Texas.

## III. PARTIES

10. Plaintiff **Mark Walters** is an adult citizen of the United States and a practicing Jew currently under supervision of the United States Probation Department.

11. Defendant **United States Probation Department** is an agency of the federal government, operating under the authority of the Administrative Office of the United States Courts.

Defendant is represented in this District by the Office of the United States Attorney for the Western District of Texas, Midland Division.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff has been a practicing Jew his entire life. His faith, culture, and traditions are central to his identity and spiritual practice.

13. Plaintiff has consistently observed Jewish religious traditions and practices, including during his incarceration in the Federal Bureau of Prisons.

14. The Jewish faith, observed for more than 5,000 years, prohibits coerced participation in religious practices of other faiths.

15. The Salvation Army describes itself as an evangelical Christian church. The United States Court of Appeals for the Fifth Circuit has recognized the Salvation Army as a church. *McClure v. Salvation Army*, 460 F.2d 553, 554–55 (5th Cir. 1972).

16. Defendant has directed Plaintiff to reside in the Salvation Army facility in Midland, Texas, as a condition of his probation.

17. This requirement compels Plaintiff, a Jewish probationer, to live in a Christian religious environment, exposing him to doctrines and practices contrary to his faith.

18. Such compelled placement substantially burdens Plaintiff's religious exercise.

19. Defendant has not demonstrated that requiring Plaintiff to reside at the Salvation Army is the least restrictive means of furthering any compelling governmental interest.

20. Secular facilities exist that could serve any probationary supervisory purpose without infringing Plaintiff's religious freedom.

21. This arbitrary decision by Defendant violates Plaintiff's right to be free from coercion. U.S. law explicitly prohibit coercing a person to adhere to religious beliefs or congregations against their will. Forcing a Jew to live in a church would be a direct form of such coercion, imposing Christian religious surroundings and practices upon them.

22. Defendants acts and omission violates Plaintiff's right to freedom of observance and practice. Religious freedom extends beyond just belief to include the right to observe and practice one's religion freely. Plaintiff, being Jewish, does not enter Christian churches as a matter of religious law (*Halacha*). Forcing a Jewish person such as Plaintiff to reside in a church would force him to violate his religious principles on a continuous basis.

23. Plaintiff has a right to be from discrimination in housing. The *Fair Housing Act* prohibits discrimination based on religion in all housing transactions. Forcing Plaintiff to live in housing that violates his religious beliefs is a form of religious discrimination. The Defendant or any other entity cannot impose religious conditions on someone's housing.

24. Defendant, by forcing Plaintiff to reside in a church violates his freedom of conscience. Religious freedom protects Plaintiff's most sacred right to conscience. Forcing him to live in a setting that directly contradicts his faith is a severe intrusion on his conscience and a violation of his fundamental human dignity.

25. Plaintiff is entitled to equal protection. The First Amendment protects against the government establishing a religion or favoring one faith over another. By forcing a member of one faith to live in a house of worship of another, the government is violating its duty of religious neutrality.

26. The Department of Justice has issued a memorandum to all "Executive Departments, including the U.S. Probation Department, informing them that religious liberty is a

foundational principle of enduring importance in America, enshrined in the Constitution and other sources of federal law", which includes the *Religious Freedom Restoration Act*. The memorandum goes on to inform federal departments such as Defendant, that the "free exercise clause protects not just the right to believe or the right to worship; it protects the right to perform or abstain from performing certain physical acts in accordance with one's beliefs. Federal statues, including the Religious Freedom Restoration Act of 1993 ("RFRA"), support that protection, broadly defining the exercise of religion to encompass all aspects of observance and practice, whether or not central to, or required by, a particular religious faith."[1]

## V.   CLAIM FOR RELIEF

**Violation of the Religious Freedom Restoration Act (42 U.S.C. § 2000bb et seq.)**

27. Plaintiff incorporates by reference all preceding paragraphs.

28. *RFRA* prohibits the government from substantially burdening a person's exercise of religion unless it demonstrates that the burden is the least restrictive means of furthering a compelling governmental interest.

29. Defendant's requirement that Plaintiff reside at the Salvation Army facility substantially burdens his religious exercise as a practicing Jew.

30. Defendant cannot show that this requirement is the least restrictive means of furthering any compelling governmental interest.

---

[1] https://www.justice.gov/crt/page/file/1006786/dl#:~:text=Principles%20of%20Religious%20Liberty,the%20appendix%20to%20this%20memorandum

31. Defendant's actions therefore violate Plaintiff's rights under *RFRA*.

## VI.    REQUEST FOR INJUNCTIVE RELIEF

32. Plaintiff seeks a preliminary and permanent injunction enjoining Defendant from requiring Plaintiff to reside in the Salvation Army facility or any other religious institution that does not comport with his recognized Jewish religion.

33. Plaintiff further requests an order directing Defendant to provide him with a secular alternative for residential placement.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the requirement that Plaintiff reside at the Salvation Army facility violates *RFRA*;

B. Issue preliminary and permanent injunctive relief prohibiting Defendant from placing Plaintiff in the Salvation Army or any religious facility;

C. Order Defendant to provide Plaintiff with a secular alternative for residential placement;

D. Award Plaintiff his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b) or other applicable law; and

E. Grant such other and further relief as this Court deems just and proper.

## VIII.    JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

SIGNED on the 12th day of September 2025.

Respectfully submitted,

*Mark Walters*

Mark Walters
3808 W. Wall Street
Midland, TX 79703
254-299-9157
terrapinconsulting@proton.me

*Plaintiff, Pro Se*